# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : No. 8:00-CV-383-T-26B : : |
| *Plaintiff,* | : : |
| -v.- | : FINAL JUDGMENT : AGAINST |
| WILLIAM H. BLACK, et al., | : JAMES A. FRANKLIN, JR. : |
| *Defendants,* | : : : |

Plaintiff Securities and Exchange Commission ("SEC"), having filed a Complaint in this action; and the Defendant James A. Franklin, Jr. having entered a general appearance; having consented to venue of this action; having admitted jurisdiction of this Court over him and over the subject matter of this action; having been fully advised and informed of his right to a judicial determination of this action; having waived the filing of an answer and the entry of findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure; having waived any right he may have to appeal from the entry of this Final Judgment; having consented to the entry of this Final Judgment without admitting or denying any of the allegations in the Complaint, except as specifically set forth in the Consent and Undertaking of James A. Franklin, Jr. ("Consent"); it appearing that no notice of hearing upon entry of this Final Judgment being necessary; and the Court being fully advised in the premises;

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that James A. Franklin, Jr., his agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder, directly or indirectly, by, through the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

A. employing any device, scheme, or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that James A. Franklin, Jr., his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)

-2-

of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that James A. Franklin, Jr., his agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1), 806b-6(2)], directly or indirectly, by, through the use of any means or instrumentality of interstate commerce, or of the mails,

    A.    employing any device, scheme, or artifice to defraud any client or prospective client; or

-3-

B. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that James A. Franklin, Jr., his agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Sections 15(a) and 15(c) of the Exchange Act [15 U.S.C. §§ 78o(a), 78o(c)] and Exchange Act Rule 15c1-2 [17 C.F.R. § 240.15c1-2], directly or indirectly, by, through the use of any means or instrumentality of interstate commerce, or of the mails,

A. inducing or attempting to induce the purchase or sale of any security unless he is registered with the Commission; or

B. effecting any transaction, or inducing or attempting to induce the purchase or sale of any security by means of any manipulative, deceptive, or other fraudulent device or contrivance.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mr. Franklin is liable for disgorgement of $90,000.00 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $124,310.34, for a total of $214,310.34 The Commission may enforce the

-4-

Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, Mr. Franklin may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Mr. Franklin as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Mr. Franklin shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Mr. Franklin relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to him. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the provisions of the Consent are incorporated herein with the same force and effect as if fully set forth herein and that Mr. Franklin shall comply with his Consent.

## VII.

IT IS FURTHER ORDERED, that this Court shall retain jurisdiction over this action for the purpose of enforcing this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** at Tampa, Florida, on __11/23__, 2005.

_____
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE